# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> ERNESTO URIBE-SANCHEZ, <br> Defendant. | CASE NO. 10CR1797 WQH <br> ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to invalid deportation filed by the Defendant Ernesto Uribe-Sanchez. ECF No. 11.

## BACKGROUND FACTS

Defendant was born in Mexico in September 1971. In approximately 1976, Defendant entered the United States with his family. In June 1987, Defendant received a temporary resident card and in April 1989, Defendant adjusted his status to legal permanent resident.

On June 3, 1994, Defendant was convicted of violating Cal. Health & Safety Code § 11352(a) (the "June 1994 conviction"). Defendant received a sentence of 180 days in jail. Removal proceedings were initiated against the Defendant alleging that he was convicted on June 3, 1994 of a violation of Section 11352(a), an aggravated felony as defined in section 101(a)(43) of the Immigration and Nationality Act and a controlled substance offense as defined in Section 102 of the Controlled Substance Act.

1   On September 4, 1994, the Defendant appeared before an Immigration Judge. The Immigration Judge found that the Defendant was deportable on the grounds charged, and that he was not eligible for relief from deportation. At the conclusion of the hearing, the Immigration Judge ordered the Defendant deported to Mexico. Defendant timely appealed the order of deportation. The Board of Immigration Appeals affirmed the order of deportation stating that "[t]he record reflects that, despite the sympathetic factors the respondent details in his statement in support of the appeal, he is nevertheless statutorily ineligible for relief from deportation." ECF No. 11-2 at 32.

Defendant was subsequently ordered deported on August 1, 1995 and on August 24, 2005.

On May 5, 2010, the grand jury returned an indictment charging that the Defendant, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States without the express consent of the Attorney General of the United States or his designated successor in violation of 8 U.S.C. § 1326 (a) and (b).

**CONTENTIONS OF THE PARTIES**

Defendant contends that his prior deportations in September 1994, August 1995, and August 2005 are not valid and cannot form the basis for a conviction under 8 U.S.C. § 1326. Defendant asserts that his June 1994 conviction under Section 11352(a) was not an aggravated felony or a controlled substance offense and that the Immigration Judge improperly informed him that no relief from deportation was available.

The Government concedes that the June 1994 conviction under Section 11352(a) was not an aggravated felony but contends that the September 1994 deportation was valid on the grounds that the June 1994 conviction was a controlled substance offense. The Government states that it "will not rely upon the Defendant's 2005 deportation to sustain its burden of proof." ECF No. 17 at 3.

**APPLICABLE LAW**

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying

1  deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998). In order
2  to sustain a collateral attack under § 1326(d), a defendant must, within constitutional
3  limitations, demonstrate (1) that he exhausted all administrative remedies available to him to
4  appeal his removal order, (2) that the underlying removal proceedings at which the order was
5  issued improperly deprived him of the opportunity for judicial review, and (3) that the entry
6  of the order was fundamentally unfair.  8 U.S.C. § 1326(d).  An underlying removal order is
7  fundamentally unfair if: 1) an alien's due process rights were violated by defects in the
8  underlying proceedings, and 2) he suffered prejudice as a result of the defects.  *United States*
9  *v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).  To succeed on the prejudice prong
10 of a claim of invalid deportation, Defendant "must still show that he had 'plausible' grounds
11 for relief."  *United States v. Becerril-Lopez*, 541 F.3d 881, 886 (9th Cir. 2008).  The
12 Government has the burden to present evidence "to demonstrate that the procedural violation
13 could not have changed the proceedings' outcome."  *United States v. Gonzalez-Valerio*, 342
14 F.3d 1051, 1054 (9th Cir. 2003).

## ANALYSIS

### September 1994 Deportation Order

17        The Immigration and Naturalization Service alleged that on June 3, 1994, the
18 Defendant, a legal permanent resident, was "convicted in the Superior Court of the State of
19 California, County of Los Angeles, of the offense of Sale, Transportation, or Offer to Sell a
20 Controlled Substance, to wit: Cocaine, in violation of Section 11352(a) of the California
21 Health and Safety Code." ECF No. 11-2 at 11.  The Immigration and Naturalization Service
22 charged that Defendant was subject to deportation as follows: 1) under Section
23 241(A)(2)(a)(iii) of the Immigration and Naturalization Act on the grounds that his Section
24 11352(a) conviction was "an aggravated felony as defined in section 101(a)(43) of the Act";
25 and 2)  under Section 241(a)(2)(B)(i)[1] of the Immigration and Nationality Act on the grounds

---

[1] Section 241(a)(2)(B)(i) stated: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of

1 that the June 1994 conviction was a controlled substance offense "as defined in section 102
2 of the Controlled Substances Act." *Id*. at 13. The Immigration Judge found the Defendant
3 subject to deportation as charged and informed the Defendant that no relief from deportation
4 was available. The Board of Immigration Appeals found that the Defendant was "statutorily
5 ineligible for relief from deportation" and the Defendant was deported to Mexico. ECF No.
6 11-2 at 32.

7 At the time of the September 1994 deportation, a "conviction under 11352(a) [was] an
8 aggravated felony." *United States v. Lomas*, 30 F.3d 1191, 1195 (9th Cir. 1994). In 2001, the
9 Court of Appeals for the Ninth Circuit overruled *Lomas* and held that a Section 11352(a)
10 conviction was not categorically an aggravated felony. *United States v. Rivera-Sanchez*, 247
11 F.3d 905, 909 (9th Cir. 2001) (en banc). The Government concedes that the June 1994
12 conviction is not an aggravated felony as defined in Section 101(a)(43) of the Immigration and
13 Nationality Act. The Government contends that the September 1994 order of deportation
14 remains valid under Section 241(a)(2)(B)(i) on the grounds that the June 1994 conviction was
15 a violation of state law relating to a controlled substance as defined in section 102 of the
16 Controlled Substances Act.

17 "The Government must prove by 'clear, unequivocal, and convincing evidence that the
18 facts alleged as grounds of [removability] are true.'" *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072,
19 1076 (9th Cir. 2007) quoting *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir.1989)
20 (citing *Woodby v. INS*, 385 U.S. 276, 286 (1966)). The Court applies the modified approach
21 under *Taylor v. United States*, 495 U.S. 575 (1990) to determine whether the June 1994
22 conviction meets the requirements of Section 241(a)(2)(B)(i). *See Ruiz-Vidal*, 473 F.3d at
23 1079. *Taylor* permits courts "to go beyond the mere fact of conviction in a narrow range of
24 cases" to evaluate "documentation or judicially noticeable facts that clearly establish that the
25 conviction is a predicate enhancement for enhancement purposes." *Rivera-Sanchez,* 247 F.3d
26 at 908.

27 Defendant contends that the judicially noticeable documents in the record are not
28 ──────────
marijuana, is deportable."

sufficient to meet the Government's burden to prove that his September 1994 removal was valid under Section 241(a)(2)(B)(i). Defendant asserts that the documents in the record are silent as to the specific conduct underlying the plea of guilty to the June 1994 conviction and do not conclusively establish that the conduct for which he plead guilty is covered by Section 102 of the Controlled Substances Act. Defendant asserts that relief from deportation was plausible under Section 212(c)[2] and voluntary departure.

The Government contends that the judicially noticeable Information charged a single count of a violation of Section 11352(a) naming the controlled substance as "to wit: cocaine," and that the subsequent court records indicated a plea of nolo contendere, and a sentence of 180 days in county jail. ECF No. 12 at 3. The Government asserts these documents are adequate to establish that the substance underlying the June 1994 conviction involved cocaine, a controlled substance contained in the federal schedules of the Controlled Substances Act.

In this case, Defendant was charged with removeability on the basis of the June 1994 conviction. The Government must prove that the substance underlying the conviction is covered by Section 102 of the Controlled Substances Act. *See Ruiz-Vidal*, 473 F.3d at 1076. There are three documents in the record in support of the decision of the Immigration Judge that the Defendant was deportable and not entitled to any relief from deportation: 1) an Information filed on June 3, 1994 charging a violation of Section 11352(a) involving a "controlled substance, to wit: cocaine"; 2) a record of court proceedings dated June 3, 1994 indicating a plea of nolo contendere to a violation of section 11352(a) Health and Safety Code and a sentencing date of June 28, 1994; and 3) a record of court proceedings dated June 3, 1994 indicating a sentence of 180 days in the county jail imposed on the Defendant.

These documents do not reveal any factual basis for the June 1994 conviction. The Court concludes that the Government has failed to establish unequivocally that the particular substance which formed the basis for the June 1994 conviction is a controlled substance as

---

[2] Under former 212(c), a legal permanent resident alien subject to deportation could apply to the Attorney General for a discretionary waiver of deportation, if the alien had accrued seven years of lawful domicile in the United States, had not been convicted of an aggravated felony, and had not been convicted of an offense for which he served a term of imprisonment of five years.

1  defined in section 102 of the Controlled Substance Act.  In this case, the record does not show
2  conclusively that the prior single conviction that formed the basis for his September 1994
3  deportation was a controlled substance offense as provided in Section 241(a)(2)(B)(i).  The
4  Court concludes that relief from deportation under 212(c) and voluntary departure was
5  plausible and that the September 1994 order of deportation was not valid.

**August 1, 1995 DEPORTATION ORDER**

7  On July 31, 1995, Defendant was served with a second Order to Show Cause alleging
8  three grounds for deportation as follows: 1) that the Defendant had entered the United States
9  without inspection; 2) that the Defendant had been convicted of an aggravated felony; and 3)
10  that the Defendant had been convicted of a controlled substances offense.  On the following
11  day, the Defendant appeared before an Immigration Judge who entered an order of deportation
12  to Mexico.

13  The charges of an aggravated felony and a controlled substance offense in the August
14  1995 deportation were the same as the charges in the September 1994 deportation.  The Court
15  concludes that the August 1995 deportation order was fundamentally flawed in the same
16  manner as the September 1994 order, that is, the Immigration Judge failed to properly advise
17  the Defendant that he was eligible for relief from deportation.  The Court concludes that relief
18  from deportation was plausible on the charge that the Defendant entered without inspection[3]
19  and that the August 1995 order of deportation was not valid.  The Government has not
20  "demonstrate[d] that the procedural violation could not have changed the proceedings'
21  outcome." *Gonzalez-Valerio*, 342 F.3d at 1054.  *See United States v. Camacho-Lopez*, 450
22  F.3d 928, 930 (9th Cir. 2006)(alien erroneously advised that he was ineligible for discretionary
23  relief from deportation because of his vehicular manslaughter convictions "was removed when
24  he should not have been and clearly suffered prejudice.").

## CONCLUSION

26  IT IS HEREBY ORDERED that motion to dismiss the indictment due to invalid

---

[3] Relief under Section 212(h) would have been plausible if the Defendant had not been deported in September 1994 without a valid order of deportation.

1 | deportation filed by the Defendant Ernesto Uribe-Sanchez  ECF. No. 11 is granted.
2 | DATED:  December 7, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge